### CHARLES H. HUDSON *versus* RICHARD T. CARMAN.

The *acceptance* of a charter creating a company must be proved by the best evidence in the power of the party relying upon it. The *books* of a corporation are the regular evidence of its doings.

If its records cannot be produced, an acceptance of the charter may be proved by implication from the acts of the company.

In an action to recover from an individual stockholder the amount of a creditor's execution against the corporation, the organization and existence of the corporation, if denied, must be proved. The judgment obtained may not be conclusive evidence of those facts.

ON EXCEPTIONS from *Nisi Prius*, GOODENOW, J., presiding.

This was an action of the case, claiming to recover against the defendant, under the provision of the 76th chapter of the Revised Statutes, as a stockholder in the Boston & Portland Telegraph Company.

The writ is dated August 7, 1854.

The general issue was pleaded with brief statement.

Plaintiff offered in evidence, writ *C. H. Hudson* v. *Boston & Portland Telegraph Company*, dated July 3, 1852. Record of judgment in same case rendered at S. J. C., Cumberland, October term, 1853. Execution issued on said judgment dated November 26, 1853; and an alias execution, for balance of $1704,33, dated August 1, 1854.

The plaintiff also introduced Stephen Berry, who testified that he had acted as clerk of the company, and identified its book of records. The book itself was then offered for the

purpose of showing from the records the first meeting and organization of the company, and the fact that defendant was a stockholder. But the presiding Judge ruled that the existence and organization of the corporation must first be proved by evidence *aliunde*, before the books of the corporation could be introduced in evidence, and that the records offered of the corporation itself, upon the proof offered, were not admissible to prove the fact of its own organization, in an action against the person alleged to be a stockholder.

Whereupon the plaintiff submitted to a nonsuit, subject to the opinion of the full Court, whether the above rulings were correct. If the evidence should have been admitted, or the rulings were erroneous, the nonsuit is to be taken off and the case stand for trial; otherwise, the nonsuit is to stand, and judgment to be entered thereon.

*G. F. Shepley and Anderson & Harmon*, for plaintiff.

The rule appears to be well settled, not only that the books of a corporation are the best evidence of the existence and organization of such corporation, but that the books are the only proper evidence of those facts. This rule is plainly founded in reason.

In Angel & Ames on Cor., c. 14, § 12, p. 471, "The books and minutes of a corporation, if there is nothing to raise a suspicion that the corporate proceedings have been irregular, will, of course, be treated and referred to as evidence of the legality of the proceedings. Thus the books are admissible to prove *the organization and existence* of the corporation." Again, c. 18, § 2, p. 573, "To prove the acts of a corporation, necessary to be done in order to their corporate existence, the books of the corporation, proved by the clerk or secretary, are competent evidence."

In *Coffin* v. *Collins*, 17 Maine, 442, WESTON, C. J., says, "The acceptance of the charter creating that company, (the Narragaugus Log Driving Company,) like every other controverted fact, is to be proved by the best evidence in the power of the party who relies upon it. The books of the corpora-

tion *are the regular evidence of their doings. Owings* v. *Speed & al.,* 5 Wheat. 420.

In *Owings* v. *Speed & al.,* 5 Wheat. 424, Chief Justice MARSHALL says, "There was also an exception taken to the opinion of the Court, in allowing the book of the board of trustees, in which their proceedings were recorded, and other records belonging to the corporation, to be given in evidence. The book was proved by the present clerk, who also *proved the handwriting of the first clerk* and of the president, who were dead. The trustees were established by the Legislature for public purposes. The books of such a body are the *best evidence* of their acts, *and ought to be admitted* whenever those acts are to be proved. There was no error in the opinion admitting them."

In *Sumner* v. *Sebec,* 3 Greenl. 223, it was decided that a book found in the hands of the acting town clerk, and purporting to be a record of the births and marriages in the town, is *prima facie* evidence of the facts it contains, though it may have no title or certificate or other attestation of its character.

In the case of *Ryder* v. *Alton & Sangamon Railroad Co.,* 13 Ill. 516; U. S. Dig. vol. 13, p. 141, § 161, it is said, "The books of a corporation are admissible for the purpose of showing the regularity and legality of its proceedings. They are sufficient to show *prima facie* that the pre-requisites of a statute have been complied with so as to give a corporation an existence."

*F. O. J. Smith* and *E. F. Hodges,* for defendant, contended that the plaintiff did not (as he might have done) offer any other proof of the organization than the book of records. It is admitted that the books of a corporation are admissible to show its organization, when they come before the Court exempt from suspicion, and are proved to be its records. But the defendant insists that the books offered at the trial were properly rejected by the Court, because before books are received "as the books of the corporation, there must be proof that they are the books of that corporation; that they have been

Hudson v. Carman.

kept as its records; and that the entries made therein have been made by the proper acting officer for that purpose." *Whitman* v. *Granite Church*, 24 Maine, 236; *Coffin* v. *Collins*, 17 Maine, 442.

1. The plaintiff did not prove them to be the books of the B. & P. Tel. Co.

2. They came before the Court under circumstances of suspicion, and in such cases, even if they were the books of the company, they should have been rejected.

3. Both these are matters within the province of the Court to determine and are in no view for the jury.

TENNEY, C. J.— The plaintiff introduced the charter of "The Boston and Portland Telegraph Company," approved Aug 3, 1850, and advertisements in the Portland Argus and Advertiser, published in each three weeks successively, purporting to have been signed by Charles ·H. Hudson, one of the corporators, notifying a meeting of the persons named in the Act, to be held in Portland at a certain place on Nov. 5, 1850, to act upon the following matters:—1st, To choose a chairman and secretary of said meeting. 2d, To see if the persons named in said Act, will accept the same. 3d, To make choice of such officers, as may be authorized by law, for such corporations, &c.

The plaintiff then offered a certain book, and called Stephen Berry, who testified, that he was the acting clerk of the company and, as such, had the custody of the book offered and exhibited; that he had knowledge that the book was the one in which the records of the company are kept; that he received by mail the written appointment of clerk, *pro tem.*, signed by the president, which was read in the case. After this, he received the book of records from C. H. Hudson, and has since that time made entries therein, for the records of that corporation, as clerk of the same, and signed the entries as such; and has kept the book in the company's office, No. 58, Exchange Street.

After the foregoing evidence was adduced, the plaintiff

offered to introduce the book, for the purpose of showing, from the records, the first meeting and organization of the company, and that the defendant was a stockholder therein. The evidence was excluded, on the ground that the existence and organization of the corporation, must first be proved by evidence *aliunde*, before the books of the corporation could be introduced in evidence; and that the records offered of the corporation itself, upon the proof offered, were not admissible to prove the fact of its own organization, in an action against a person alleged to be a stockholder.

After a charter has been obtained by individuals from the Legislature, the acceptance thereof, from the nature of the case, must be preliminary to the process of organization. And it is not unusual at a meeting of the corporators, called and held according to the provisions of the charter, to commence their action by the choice of a chairman and secretary of the meeting; and upon that to take a vote upon the question, whether they will accept the charter or not. If the vote upon this question is in the affirmative, an organization takes place by the election of permanent officers, and other acts important to carry into effect the objects of the company, and a record thereof made.

. The acceptance of the charter, creating the company, like every other controverted fact, is to be proved by the best evidence in the power of the party, who relies upon it. The books of a corporation are the regular evidence of its doings.

If books have not been kept, or have been lost or destroyed, or are not accessible to the party upon whom the affirmative lies, doubtless an acceptance of the charter may be proved by implication, from its acts, if such acts are capable of proof. *Coffin* v. *Collins*, 17 Maine, 440. The books are admissible to prove the organization and existence of the corporation. Angel & Ames on Corporations, c. 18, § 12.

In an action like the present, to recover against an individual stockholder the full amount of a creditor's execution and costs, obtained against the corporation, of which he may be a member, or a part of such execution and costs, it is necessary,

if required, that the existence and organization of the corporation should be established. The judgment obtained apparently against the company, may not be conclusive of such existence and organization, in an action to which he is a stranger. But the highest species of proof of these facts is as proper and as necessary in such action as for other purposes, where the existence and organization are required.

The existence and organization of the corporation was not required in this case to be proved by other evidence, than the records of the company.

The book does not appear to have been kept by Berry with all the care, which it is desirable that such records should be made; and it appears that he did not take the oath of clerk, yet there is nothing which renders it doubtful that he was the acting clerk of the company; that the book contained its records made before he received it; that those records touching the acceptance of the charter and the organization were sufficient; and that after it came to his hands, he made and signed the entries as records. We think the book should have been received as evidence on the question of organization of the company. 6 East, 368.

*Exceptions sustained. — New trial granted.*

RICE, HATHAWAY, CUTTING and GOODENOW, J. J., concurred.